**AKBAR ETEMADFAR, Petitioner,**

v.

**ALBERTO GONZALES, DEPARTMENT OF HOMELAND SECURITY, Respondents.**

No. 06–2807–ag.

United States Court of Appeals, Second Circuit.

Aug. 13, 2007.

Robert C. Ross, West Haven, CT, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Stephen P. Flynn, Mary Jane Candaux, Senior Litigation Counsel, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Akbar Etemadfar, a native and citizen of Iran, seeks review of a May 15, 2006 order of the BIA affirming the June 22, 2001 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for relief under the Convention Against Torture ("CAT") and dismissing his application for asylum and withholding of removal for lack of jurisdiction. *In Re Akbar Etemadfar,* No. A73 571 265 (B.I.A. May 15, 2006), *aff'g* No. A73 571 265 (Immig. Ct. Hartford June 22, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion on remand from this Court, the Court reviews the BIA's decision. *Cf. Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007) (reviewing the BIA's adverse credibility determination that was made upon remand pursuant to a stipulation agreement from this Court). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the

agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ The BIA's decision that is the subject of this petition for review followed from a stipulation and order from this Court. In the decision, the BIA agreed with the IJ that he lacked jurisdiction to review Etemadfar's asylum and withholding of removal claims because its 1999 decision granting Etemadfar's motion to reopen was limited to permitting Etemadfar to pursue a CAT claim. This determination directly conflicts with the 2003 decision that the BIA issued on the petitioner's original appeal. *See In re Akbar Etemadfar,* No. A73 571 265 (B.I.A. Sept. 10, 2003). Because the BIA relied on the same laws and the same set of facts in both decisions and failed to provide any explanation for the opposite decisions, remand is appropriate. *Cf. Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005) (requiring certain level of analysis in BIA decisions to allow for meaningful review). Furthermore, for the reasons explained below, we find that remand is necessary because we cannot be confident that the same decision would be reached on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006).

■ With respect to Etemadfar's withholding of removal claim, remand is necessary because the BIA failed to consider Etemadfar's testimony that he had been beaten and threatened during his detention. A valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (citation omitted). The harm must be sufficiently severe, rising above "mere harassment." *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). However, harm that may be mere harassment in other circumstances may be persecution when officially inflicted during detention on account of a protected ground. *See Beskovic,* 467 F.3d at 226 & n. 3.

Here, the BIA merely stated that Etemadfar had been "arrested, interrogated, and accused of being a spy" without mentioning that the secret police also had beaten him and threatened his life during his detention. Because the BIA did not consider, much less reject, this testimony, we are unable adequately to consider whether substantial evidence supports the BIA's determination that Chen failed to establish either past persecution or a well-founded fear of future persecution. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004). Accordingly, we cannot be confident of the same result on remand, absent this error. *See Xiao Ji Chen,* 471 F.3d at 338–39.

For the foregoing reasons, the petition for review is GRANTED, the BIA's May 15, 2006 order is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).